HEARD NOVEMBER TERM, 1874.

## DeSaussure *vs.* Zeigler.

The law gives priority of lien to the first judgment entered in the Clerk's office, and a usage of the bar that all judgments lodged with the Clerk for entry within a certain time after the rising of the Court shall be entered as of the same date cannot override the law of the case.

It is not the interlocutory order for judgment, but the entry of the judgment itself in the Clerk's office, which gives the lien.

### Before CARPENTER, J., at Richland, May Term, 1874.

At March Term, 1867, of the Court of Common Pleas for Richland County, D. B. DeSaussure, the appellant, obtained an order for judgment against one Joseph A. Reese, and on the 21st March of the same year, after the rising of the Court, he entered his judgment in the Clerk's office, issued execution thereon and lodged the same with the Sheriff. At the same term, D. Zeigler, the respondent, also obtained an order for judgment against the same defendant, and his judgment was entered in the Clerk's office one day later than that of the appellant.

The Sheriff sold property of the defendant, and, the proceeds of the sale being in the Sheriff's hands, His Honor, on motion of Zeigler's attorney, made an order that the date of the entry of Zeigler's judgment be amended so as to make it bear date the 21st March, 1867, and that the funds in the Sheriff's hands be applied *pro rata* to both judgments.

It was said that there was a usage of the bar for all judgments carried to the Clerk within thirty days after the rising of the Court to be entered as of the term, but this was denied by the counsel for the appellant, and Mr. Hutson, who was Zeigler's attorney when his judgment was entered, admitted by affidavit that he had no knowledge of the usage.

An appeal was taken on behalf of D. B. DeSaussure to this Court.

——————————, for appellant.

*Hutson & Hutson,* contra.

January 20, 1875. The opinion of the Court was delivered by

Moses, C. J. It is not necessary to consider whether the understanding and agreement of the bar, referred to in the brief, can

defeat the lien of the judgment of the appellant, which was created by its entry. Mr. Hutson, in his affidavit, does not ascribe the delay on his part to the knowledge of such agreement. If he had deferred the entry of his judgment by reason of even a misapprehension of its terms, he could not avail himself of its benefits, because, in fact, he did not come within its provisions as to the time to which it was to extend. He did not offer his judgment to the Clerk for entry until March 22, 1867.

In his affidavit he disclaims all knowledge of the said agreement, and therefore stood, so far as he was concerned, as if none had existed. His condition was, in fact, better than that of the attorney of the respondent, who may have felt himself bound by professional honor to regard the understanding to which he was a party. Mr. Hutson excuses himself for the delay by an impression "that the usage was for the judgments carried to the Clerk at any time within thirty days to be entered by him as of the term." No such practice, even if it had been proved to exist among the Richland bar, could override the law, which gave the lien to the judgment first entered up, without priority as to the order of time where two or more were entered on the same day. The fact that the order for judgment in the two cases were taken at the same term does not change the rights of the parties. The lien is only created by the entry itself. The interlocutory order for judgment created in neither case any lien on the land of the defendant Reese. It conferred on the respective plaintiffs the right to enter a binding judgment at any time after the adjournment of the Court until the next term without leave, but in themselves established no lien.—10th Rule of Court, then of force; *Dibble* vs. *Taylor*, 2 Sp., 211; *McIntosh* vs. *Wright*, Rich. Eq. Cases, 385.

The motion is granted, and the order of the Circuit Court set aside.

*Wright*, A. J., and *Willard*, A. J., concurred.